**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL HASIER, and all similarly**
**situated individuals,**

    **Plaintiff,**

**v.**                                                              **Case No.  8:07-cv-721-T-30EAJ**

**OHC ENVIRONMENTAL ENGINEERING,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #4)

and Memorandum in Support (Dkt. #4), and Defendant's Memorandum in Opposition (Dkt.

#6).  The Court, having considered the Motion, Response, and Memoranda in Support,

determines that Defendant's Motion should be denied.

### Standard of Review

On a the motion to dismiss, this Court must confine its review to the four corners of

the complaint and construe as true all of the allegations within it. Hishon v. King &

Spaulding, 467 U.S. 69, 73 (1984).  A motion to dismiss is appropriate when it appears

"beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Conclusory allegations "will not survive a

motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but]

the alleged facts need not be spelled out with exactitude, nor must recovery appear

imminent." <u>Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp.</u>,

711 F.2d 989, 995 (11th Cir.1983).  However, a plaintiff must do more than merely "label"

his claims.  <u>Blumel v. Mylander</u>, 919 F.Supp. 423, 425 (M.D. Fla. 1996).

## **Factual Background**

As a former employee of Defendant, Plaintiff is covered by the provisions of the Fair

Labor Standards Act (hereinafter "FLSA").  (Dkt. # 5-3 at 1).  Defendant employed Plaintiff

as an independent contractor from December of 2005, until March of 2006.  (Dkt. #5 at 1).

In July of 2006, the Department of Labor (hereinafter "DOL") conducted a wage audit of

Defendant's business, OHC Environmental Engineering (hereinafter "OHC").  (Dkt. #5 at 2).

On August 2, 2006, DOL informed Defendant that DOL was taking the position that

Plaintiff was an employee and therefore covered by the protections of the FLSA and

therefore entitled to overtime pay in the amount of $2,815.63.  (Dkt. #5-3 at 1).  Having

found no evidence of "repeated or willful violations of section[s] 6 or 7," DOL took no

punitive action against Defendant.  Id.  DOL advised Defendant to pay Plaintiff full back

wages or face penalties.  Id.  Pursuant to the DOL's instruction, OHC made many attempts

to contact Plaintiff to arrange for the payment of his back wages.  (Dkt. #5 at 2).  Finally, on

August 23, 2006, after many failed attempts to contact Plaintiff, Defendant, per DOL's

disbursement instructions,[1] mailed a check for $2,815.63 to the Wage and Hour Division.

---

[1] These disbursement instructions advised OHC that if Plaintiff could not be found, OHC was to mail a check in the amount due to the DOL.  The DOL was authorized to hold the money in a special account and process the payments for Plaintiff. (Dkt. #5-3 at 3).

(Dkt. #5-6 at 1; Dkt. #5-3 at 3).  DOL deposited this check  into the special account on August 30, 2006.  Id.

Almost eight months later on April 26, 2007,  Plaintiff filed this Complaint. (Dkt. #1). After a few unsuccessful attempts to contact Plaintiff's counsel and resolve the matter outside of court, Defendant filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction on May 30, 2007. (Dkt. #4-2, 1; Dkt. #1).  Plaintiff filed his Memorandum in Opposition on June 7, 2007.  (Dkt. #6).

## Discussion

Section 216(b) of the FLSA creates a private cause of action for employees against their employers.  See 29 U.S.C. § § § § 216(b); Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 930 (11th Cir. 2000).  An employee who has unpaid back wages for overtime may sue in district court for the amount owed.  In an action under 29 U.S.C. § § § § 216(b) (2006), a plaintiff must show by a preponderance of the evidence the following: (i) an employee/employer relationship under the FLSA, (ii) overtime work performed by the employee, and (iii) unpaid compensation for that overtime work.  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

In addition to collecting all of  his unpaid wages, a successful plaintiff under the FLSA can recover reasonable attorney's fees and costs from the defendant.  29 U.S.C. § § § § 216(b) (2006).  Further, upon proof of a willful or unreasonable violation of the FSLA, the Court will award liquidated damages in an amount no greater than the back wages owed. 29 U.S.C. § § § § 260;  Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562 (11th Cir. 1991).

The purpose of liquidated damages is not to penalize the employer but to compensate the employee for harms caused by the delay. Brooklyn Savings Bank v. O' Neil, 324 U.S. 697, 707 (1945).  Plaintiff will not recover for delay caused by his own obstinance or mistake. Additionally, liquidated damages are appropriate relief only for an unreasonable or bad faith FLSA violation. 29 U.S.C. § § § § 260.

## Count I - Overtime Compensation (Individually)

On the face of the Complaint, Plaintiff has pled a prima facie case for overtime compensation under the FLSA.  He has alleged jurisdiction of the court, an employer and employee relationship, and unpaid compensation for overtime work performed.  Therefore, his Complaint will survive the Motion to Dismiss.

## Count II - Overtime Compensation (Collective Action)

Plaintiff brings Count II on behalf of all employees like him who have suffered similar FLSA violations.  A plaintiff may bring a FLSA action on behalf of similarly situated employees. 29 U.S.C. § § § § 216(b) (2006).  However, it is up to the district court, "to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."   Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

Courts use a two-step method to determine who will be joined as a similarly situated plaintiff. Cameron - Grant v. Maxim Healthcare Serv. Inc., 347 F.3d 1240, 1243 (11th Cir. 2003).  Weighing the pleadings and any submitted affidavits, the court may first grant the proposed class "conditional certification".  Id.  These conditional class members are then

provided with notice.  Potential plaintiffs may then opt-into the suit by giving their written

consent to the trial court.  Id.  After discovery, the court makes its final factual determination,

decertifying those plaintiffs not similarly situated and certifying the rest to join the class.  Id.

Courts consider factors like, "the employment setting and factual situation, whether defenses

individual to each plaintiff exist, and fairness and procedural considerations."  Bradford v.

Bed Bath & Beyond, Inc., 184 F. Supp. 2d 1342, 1346 (N.D. Ala. 1995).  The plaintiff need

not prove that the class members are identical, but only that they are similar in relevant ways.

Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).

In light of the pleadings and the fairly lenient standard for conditional certification,

the Motion to Dismiss Count II is denied.  This class is limited to OHC employees who have

refused their FLSA back wages as previously tendered by the Defendant so that the only real

issue to be tried is that of liquidated damages.  The Court expects that very few will be

similarly situated in this respect.

## Conclusion

The real issues in this case are liquidated damages and attorney's fees. Plaintiff's

claim for back wages is not an issue unless Defendant decides to contend that Plaintiff was

an independent contractor not entitled to overtime.  At present, Defendant has tendered the

back wages and they are being held for Plaintiff by the DOL.

If this case proceeds without Defendant contesting the employee status of Plaintiff,

it will be Defendant's burden to prove that its violation of the FLSA was not unreasonable.

If it fails to do so, Plaintiff may recover some amount, not to exceed $2,815.63, as liquidated

damages and his attorney may make a claim for attorney fees reasonable under the circumstances. If Defendant shows that its violation was not unreasonable, it will be entitled to recover its costs from Plaintiff and, perhaps, sanctions if Plaintiff did not have a good faith basis for believing any FLSA violation was unreasonable.  Plaintiff and his counsel are hereby placed on notice that they may be subject to Rule 11 sanctions from this point forward.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant's Motion to Dismiss (Dkt. #4) is DENIED.

2.    Defendant has **thirty (30) days** from the date of this Order in which to file an Answer to the Complaint or the appropriate dispositive motion.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-721.mtd 4.wpd